STATE OF MINNESOTA

IN COURT OF APPEALS

In the Matter of the Application of
North Dakota Pipeline Company LLC
for a Certificate of Need for the Sandpiper
Pipeline Project in Minnesota.

**O R D E R**

#A15-0016

In the Matter of the Application of
North Dakota Pipeline Company LLC
for a Pipeline Routing Permit for the
Sandpiper Pipeline Project in Minnesota.

Considered and decided by Rodenberg, Presiding Judge; Cleary, Judge; and Klaphake, Judge.*

**BASED ON THE FILE, RECORD, AND PROCEEDINGS, AND BECAUSE:**

1.     We filed our opinion in this matter on September 14, 2015. Respondent Minnesota Public Utilities Commission made a motion to clarify the final sentence of the opinion.

2.     No petition for rehearing is allowed in this court. Minn. R. Civ. App. P. 140.01. The syllabus and the body of the opinion accurately describe the procedural posture of the case and this court's holding. But we have concluded that it is appropriate to modify the language of the concluding sentence of the opinion.

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

**IT IS HEREBY ORDERED:** The attached page is substituted for page 11 of the

opinion filed on September 14, 2015.

**Dated:** 9/30/15

BY THE COURT

Roger M. Klaphake
Opinion Judge

underestimated only to be discovered after resources have been committed or the die otherwise cast." *Robertson v. Methow Valley Citizens Council*, 490 U.S. 332, 349, 109 S. Ct. 1835, 1845 (1989).

In this case, the completion of an EIS at the certificate of need stage satisfies the imperative identified above by ensuring decision-makers are fully informed regarding the environmental consequences of the pipeline, before determining whether there is a need for it. Moreover, completion of an EIS at the initial certificate of need stage seems particularly critical here because once a need is determined, the focus will inevitably turn to where the pipeline should go, as opposed to whether it should be built at all. We acknowledge that the MPUC did order a high level environmental review to be considered during the certificate of need proceedings. But as the MPUC noted, this review was not meant to serve as a substitute for the more rigorous and detailed review needed to satisfy MEPA, and it cannot take the place of a formal EIS now. Accordingly, we conclude the MPUC erred by not completing an EIS at the certificate of need stage as MEPA requires.

## DECISION

Where routing permit proceedings follow certificate of need proceedings, MEPA requires that an EIS must be completed before a final decision is made on issuing a certificate of need. Therefore, we reverse and remand to the MPUC to complete an EIS before a final decision is made to grant or deny a certificate of need.

**Reversed and remanded.**